**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| DANIEL GALLAGHER, | : | Bankruptcy No. 06-13789DWS |
| | : | |
| Debtor. | : | |

## ORDER

**AND NOW**, this 13th day of October 2006, debtor Daniel J. Gallagher ("Debtor"), having filed the above-captioned bankruptcy case on August 31, 2006;

**And** Debtor having filed a prior bankruptcy case, No. 03-31732, dismissed by this Court's Order of May 12, 2005 (the "2005 Dismissal Order");

**And** Debtor having appealed the 2005 Dismissal Order, that appeal currently pending before the United States District Court for the Eastern District of Pennsylvania, In re Gallagher, No. 05-6169;

**And** the majority of courts having addressed this issue holding that a debtor may not have more than one pending bankruptcy case[1] "in accordance with the general rule that the law will not tolerate two suits at the same time for the same relief," Freshman v. Atkins,

---

[1] The fact that the prior case has been dismissed does not render it not "pending." The filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court. This rule applies with equal force to bankruptcy cases. E.g. In re Peregrine Systems, Inc., 312 B.R. 755, 757 n.1 (D. Del. 2004) (citations omitted).

269 U.S. 121, 123, 46 S. Ct. 41, 42 (1925); accord In re Jackson, 184 B.R. 16 (D. N.J., 1995) (disallowing two Chapter 13 cases); In re Keen, 121 B.R. 513 (Bankr. W.D. Ky. 1990) (disallowing Chapter 11 case filed during pendency of Chapter 7 case);

It is hereby **ORDERED** that Debtor shall appear on **November 16, 2006 at 10:30 a.m.** in the Robert N.C. Nix, Sr. Federal Courthouse, 2nd floor, 900 Market Street, Courtroom #3, Philadelphia, PA and show cause why this case should not be dismissed.[2] Memoranda of law shall be filed by the Debtor and any interested party on or before November 10, 2006.

_____
DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

Copies to:

David A. Scholl, Esquire
Law Office of David A. Scholl
#6 St. Albans Avenue
Newtown, PA  19073

Daniel Gallagher
128 Mercy Street
Philadelphia, PA  19148

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA  19107

William C. Miller, Esquire
Standing Chapter 13 Trustee
P. O. Box 40119
Philadelphia, PA 19106-0119

---

[2] Old Gold has filed a motion to remand Adversary Case No. 06-0457 which came before me at a hearing on October 5, 2006. As the outcome of this show cause hearing affects the basis for a remand, I shall defer ruling on the remand motion until after November 16, 2006.